IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SICK AG, SICK, Inc., and SICK Product & Competence Center Americas, LLC<br><br>Plaintiffs,<br><br>v.<br><br>Vision Augmentation Technology LLC,<br><br>Defendant. | Civil Action No. _____<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs SICK AG, SICK, Inc., and SICK Product & Competence Center Americas, LLC (collectively, "Plaintiffs") by their undersigned counsel, hereby bring the present declaratory judgment action against Vision Augmentation Technology LLC ("VAT") and allege as follows:

### NATURE OF THE ACTION

1. This is a case arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and patent laws of the United States, 35 U.S.C. § 1 *et seq.*, seeking a declaratory judgment of non-infringement of United States Patent No. 7,433,021 (the "'021 Patent," attached as Exhibit A).

2. VAT purports to be the owner of the '021 Patent.

3. Plaintiffs do not infringe the '021 Patent.

4. VAT has repeatedly asserted that Plaintiffs' products infringe the '021 Patent, even though Plaintiffs have explained why Plaintiffs' products cannot infringe the '021 Patent.

5. VAT's actions and statements, including its allegations of infringement of the '021 Patent, have created a real and substantial controversy that warrants issuance of a declaratory judgment of noninfringement concerning whether Plaintiffs infringe the '021 Patent.

## PARTIES

6. Plaintiff SICK AG is a corporation organized and existing under the laws of Germany, having its principal place of business at Erwin-Sick-Straße 1, 79183 Waldkirch, Germany.

7. Plaintiff SICK, Inc. is a corporation organized and existing under the laws of Minnesota, having its principal place of business at 6900 West 110th Street, Bloomington, MN 55438.

8. Plaintiff SICK Product & Competence Center Americas, LLC is a limited liability company organized and existing under the laws of Minnesota, having its principal place of business at 6900 West 110th Street, Bloomington, MN 55438.

9. Plaintiff SICK, Inc. is a U.S. subsidiary of SICK AG.

10. Plaintiff SICK Product & Competence Center Americas, LLC is a U.S. subsidiary of Plaintiff SICK, Inc.

11. Plaintiffs provide sensor-based solutions, including innovative 3D vision sensors, to address a variety of problems in the industrial sector.

12. Upon information and belief, Defendant Vision Augmentation Technology LLC is a limited liability company organized and existing under the laws of Texas, having a principal place of business at 121 Frederick St, Austin, TX 78704.

13. Upon information and belief, VAT does not provide any sensor-based solutions.

14. VAT has alleged that it is the owner by assignment of the '021 Patent.

2

**JURISDICTION**

15. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

16. This Court has subject matter jurisdiction over the claims alleged in this action because this Court has jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17. This Court can provide the relief sought in this Declaratory Judgment Complaint because an actual case and controversy exist between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201, at least because VAT accused Plaintiffs' products of infringing at least independent claims 1 and 15 of the '021 Patent.

18. VAT has maintained this charge of infringement even though Plaintiffs' products do not infringe, and have not infringed, any claim of the '021 Patent. VAT's allegations and actions have created a real, live, immediate, and justiciable case or controversy between VAT and Plaintiffs.

19. VAT first alleged that Plaintiffs' products infringed the '021 Patent in a letter sent to Plaintiff SICK, Inc. on July 22, 2025. VAT maintained this charge of infringement in a series of correspondence sent between July 22, 2025, and October 24, 2025, even though Plaintiffs' products do not infringe, and have not infringed, any claim of the '021 Patent. Plaintiffs made this clear to defendants on September 18, when Plaintiffs explained why Plaintiffs' products do not infringe any of the '021 Patent's claims. Specifically, Plaintiffs noted, among other things, that Plaintiffs' products do not use a predetermined azimuth angle and predetermined elevation angle as required by the '021 Patent. Despite Plaintiffs' explanation, VAT continued to assert that Plaintiffs' products infringe the '021 Patent.

20. This Court has personal jurisdiction over VAT because VAT has continuous and systematic contacts with the state of Minnesota such that VAT's submission to personal jurisdiction would be fair and reasonable.

21. For example, on July 22, 2025, VAT sent a letter to SICK, Inc., a U.S. entity incorporated in Minnesota, claiming that Plaintiffs' products infringe the '021 Patent. VAT also expressed a desire to start licensing negotiations.

22. After sending the letter, VAT repeatedly corresponded with Mr. Robby Stokes, the General Counsel for North America for SICK, Inc. and SICK Product & Competence Center Americas, LLC, located in Minnesota, between July 22, 2025, and October 24, 2025 about the purported infringement. One of those emails, on August 7, 2025, included VAT's analysis purporting to show infringement and an offer to license the '021 patent.

23. On September 18, 2025, Plaintiffs rejected VAT's demand and denied that the accused product infringed.

24. Despite Plaintiffs' denial of infringement, VAT continued to email Mr. Stokes and claim Plaintiffs' products infringe the '021 Patent. In many of its emails, VAT engaged directly with Mr. Stokes, where Mr. Stokes signature block lists SICK Product & Competence Center Americas, LLC and its associated Minnesota address.

25. VAT emailed Mr. Stokes at least sixteen times between July 22, 2025, and October 24, 2025.

26. Thus, VAT has purposely and systematically availed itself of the privilege of conducting activities within Minnesota.

**VENUE**

27.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because VAT is subject to personal jurisdiction based on its contacts with this District and therefore resides in this District under 28 U.S.C. § 1391(c)(2). These contacts include specific licensing efforts, like sending a licensing demand to Mr. Stokes, who is located in this District. Additionally, VAT's initial letter alleging infringement and inviting licensing negotiations was addressed to Plaintiff SICK, Inc., a Minnesota corporation. VAT also repeatedly replied directly to and copied Mr. Stokes on emails during licensing discussions.

28.     Moreover, venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District. For example, SICK Inc., which is incorporated and headquartered in this District, sells the allegedly infringing products in this District. Additionally, VAT's repeated infringement allegations and licensing demands were made through communications into this District.

**CLAIM FOR RELIEF**

**COUNT ONE**
**(Declaratory Judgment of Non-Infringement of '021 Patent)**

29.     Plaintiffs repeat and reallege paragraphs 1–28 above, as if fully set forth herein.

30.     Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of any claim of the '021 Patent.

31.     Plaintiffs do not infringe independent claim 1 of the '021 Patent or any of its dependent claims at least because Plaintiffs' products do not practice a sensor system that comprises "computerized data associating each said detection pixel thereof with a predetermined azimuth angle and a predetermined elevation angle" and/or "a computerized device for automatically determining azimuth angles and elevation angles of a target or beacon."

5

32. Plaintiffs do not infringe independent claim 15 of the '021 Patent or any of its dependent claims at least because Plaintiffs' products do not practice a method that comprises "automatically determining azimuth angles and elevation angles of a target or beacon" and/or "using computerized data associating each said detection pixel thereof, for each sensor, with a predetermined azimuth angle and a predetermined elevation angle."

33. Absent a declaration of non-infringement, Defendant will continue to wrongfully allege that Plaintiffs' products infringe the '021 Patent, thereby causing Plaintiffs irreparable injury and damage.

34. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding Plaintiffs' products and the '021 Patent.

35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have not infringed and do not infringe any claim of the '021 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant as follows:

A. Adjudging that Plaintiffs' have not infringed and are not infringing, either directly or indirectly, any claim of the '021 Patent, in violation of 35 U.S.C. § 271;

B. A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiffs infringe any claims of the '021 Patent or from instituting or initiating any action or proceeding alleging

6

infringement of any claims of the '021 Patent against Plaintiffs or any related entities, as well as any customers, manufacturers, users, importers, or sellers of Plaintiffs' products;

      C.     Declaring Plaintiffs as the prevailing parties and this case as exceptional, and awarding Plaintiffs their reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

      D.     A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiffs of Plaintiffs' costs and attorneys' fees incurred in this action; and

      E.     Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

Dated: October 30, 2025	FISH & RICHARDSON P.C.

By: /s/ Sarah Jack

Sarah Jack (MN Bar # 0400118)
Stuart A. Nelson (MN Bar # 336075)
**FISH & RICHARDSON P.C.**
60 South 6th Street, Suite 3200
Minneapolis, Minnesota 55402
(612) 335-5070
jack@fr.com
snelson@fr.com

Matt Colvin (*pro hac vice* forthcoming)
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070
colvin@fr.com

*Attorneys for Plaintiffs SICK AG, SICK, Inc., and SICK Product & Competence Center Americas, LLC*